UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARINO VALDEZ, | ) | CASE NO. 4:05 CV 2019 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| T.R. SNIEZEK, WARDEN F.C.I. ELKTON, | ) ) | |
| | ) | |
| Respondent. | ) | |

On August 18, 2005, pro se petitioner Marino Valdez filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), asserts that he is being held in custody beyond the term of imprisonment imposed by the court. For the reasons set forth below, this action is dismissed without prejudice.

*Background*

Mr. Valdez was indicted on September 23, 1998 in the United States District Court for the Southern District of New York and charged with illegal entry after deportation. See United States v. Valdez, No. 98-cr-1028 (S.D. NY filed Sep. 23, 1998). He subsequently pleaded guilty to the charges and was sentenced to 41 months in prison. He claims that from October 1998 until January 2000 he was "housed and detained in this institution."[1]

---

[1] Mr. Valdez does not specify in what institution he was housed.

It appears that after his federal sentence was imposed, Mr. Valdez was brought before the New York State court "to answer drug charges; then, he was sent to New York State Prison, Osing Osing, New York, to serve a sentence for drug violations." (Pet. Attach. at 1.) He does not disclose the length of the state sentence the court imposed.

On March 3, 2003, Mr. Valdez was paroled on the state sentence on the condition that he be deported to the Dominican Republic. It is his contention, however, that neither the Immigration and Naturalization Service (I.N.S.) nor the United States Marshal Service would take him into custody. He claims that after 25 months the federal authorities eventually "re-claim[ed] custody" of him. He reasons that the confusion arose from the fact that two separate deportation orders were allegedly issued by both the federal and state authorities, which led each entity to believe that the other had petitioner in custody.

He now asserts that he was held in federal custody from October 1998 until January 2000 without receiving credit for time served. Further, he claims that from March 3, 2003 until April 2005 he was held in state custody after being granted parole by the State of New York. He maintains that he has already served 44 months above and beyond the sentence imposed by the federal court.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d. Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th

2

Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

This case clearly involves a challenge to the manner in which the BOP is executing Mr. Valdez's sentence. Before the court can examine the merits of the petition, it must determine whether it is ripe for disposition.

*Failure to Exhaust*

Mr. Valdez has not cited under what statutory authority he is entitled to credit against his federal sentence. The court presumes he is seeking credit that prisoners are entitled to under the provisions set forth in 18 U.S.C. §3585(b).[2] The Supreme Court has held that the authority to award sentence credit under § 3585(b), however, is granted by Congress to the Attorney General rather than to the sentencing court. See United States v. Wilson, 503 U.S. 329 (1992). The Attorney General's determination remains subject to review by the federal district court following the exhaustion of administrative remedies. See id. at 335-36; see also United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir.1992), cert. denied, 507 U.S. 1019 (1993). The Attorney General

---

[2]18 U.S.C. § 3585(b) provides:
   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
      (1) as a result of the offense for which the sentence was imposed; or
      (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

3

has delegated the right to promulgate rules providing for the computation of prisoners' sentences to the BOP. See 28 C.F.R. § 0.96(g). Thus it is the BOP that is responsible for computing a prisoner's sentence and applying appropriate jail time credit, United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir.1988). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. See 28 C.F.R. §§ 542.10-542.16 (2005); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). Therefore, this court is without jurisdiction to entertain a challenge to those computations unless the petitioner has first sought administrative relief through the administrative procedures within the BOP. United States v. Pelaez, 930 F.2d 520, 524 (6th Cir. 1991); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).

Although this court has personal jurisdiction over his custodian, it lacks subject matter jurisdiction because Mr. Valdez has not exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief). In response to the requirement that he provide the date he submitted his claim to the BOP, Mr. Valdez instead refers to a letter he wrote to the United States District Court for the Southern District of New York. It is apparent that a letter to the court would fail to satisfy the exhaustion requirement inasmuch as it is not a part of the BOP's administrative exhaustion process.

Based on the foregoing, petitioner is granted leave to proceed in forma pauperis and this action is dismissed without prejudice for failure to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

4

good faith.[3]

    IT IS SO ORDERED.

               s/ DAVID A. KATZ 10/5/05
               _____
               DAVID A. KATZ
               UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.